IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ADAM HAMER,<br><br>   Plaintiff,<br><br>v.<br><br>E.R. CARPENTER, L.P.,<br>CARPENTER CO., and<br>CARPENTER URETHANES I, LLC<br><br>   Defendants. | CIVIL CASE NO. 6:23-cv-00043<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Adam Hamer ("Hamer" or "Plaintiff") files this Original Complaint complaining of Defendants E.R. Carpenter, L.P. ("E.R. Carpenter"), Carpenter Co. ("Carpenter"), and Carpenter Urethanes I, LLC ("Carpenter Urethanes," collectively with E.R. Carpenter and Carpenter, the "Carpenter Defendants" or "Defendants") and respectfully shows the Court as follows:

## PARTIES

1. Plaintiff Adam Hamer is a natural person and a citizen and resident of Texas. The last three digits of his driver's license are 929 and the last three digits of his social security number are 660.

2. Defendant E.R. Carpenter, L.P. is a limited partnership formed under the laws of the State of Virginia, by and through its agents, employees, and representatives, engaged in business in the State of Texas and, in doing so, committed a tort in whole or in part in Texas as referenced in Texas Civil Practice and Remedies Code § 17.042(2). On information and belief, no partner of E.R. Carpenter, L.P. is a citizen of the State of Texas. E.R. Carpenter, L.P. may be

served with summons through its registered agent, Christopher J. Ruchte, 11002 Choate Road, Pasadena, Texas 77507, or wherever he may be found.

3. Defendant Carpenter Co. is a foreign corporation organized under the laws of the State of Virginia. Carpenter Co., by and through its agents, employees, and representatives, engaged in business in the State of Texas and, in doing so, committed a tort in whole or in part in Texas as referenced in Texas Civil Practice and Remedies Code § 17.042(2). Carpenter Co. may be served with summons pursuant to the Texas Long Arm Statute through its registered agent, Hebert A. Claiborne III, 5016 Monument Avenue, Richmond, Virginia 23230. Plaintiffs will therefore serve summons and a copy of this Complaint on the Texas Secretary of State, requesting that the Secretary of State mail a copy of the service of summons and notice to Carpenter Co.'s registered agent by registered mail, or certified mail, return receipt requested to Hebert A. Claiborne III, 5016 Monument Avenue, Richmond, Virginia 23230.

4. Defendant Carpenter Urethanes I, LLC is a limited liability company organized under the laws of the State of Virginia and through its agents, employees, and representatives, engaged in business in the State of Texas and, in doing so, committed a tort in whole or in part in Texas as referenced in Texas Civil Practice and Remedies Code § 17.042(2). On information and belief, no member of Carpenter Urethanes I, LLC is a citizen of the State of Texas. Carpenter Urethanes I, LLC may be served with summons through its registered agent, Thomas H. Stinson, 2611 N. General Bruce Drive, Temple, Texas 76501 or where ever he may be found.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this case because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

6. Jurisdiction is proper over these Defendants as Defendants conduct a substantial amount of business in Texas, employ citizens and residents of the State of Texas, lease and/or own land and property in the State of Texas, and those business activities give rise to the torts committed in this case. Exercising personal jurisdiction over Defendants does not offended traditional notions of fair play and substantial justice given the actions Defendants have purposefully availed both in and towards the State of Texas. As such both the Texas Long Arm Statute and Due Process Clause of the Fourteenth Amendment are satisfied.

7. Venue is proper in this District because all or substantially all of the facts giving rise to this case occurred in this District. 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

8. Hamer was an employee of a company named Manpower. On information and belief, and at all times material, Manpower retained the right to direct and control the location, details, manner, tools, and pay with respect to Hamer's work at Defendants' plant where he received the injuries that are the subject of this lawsuit.

9. In the latter part of 2021, Manpower assigned Hamer to work at E.R Carpenter and Carpenter Urethane's location in Temple, Texas.

10. E.R. Carpenter and Carpenter Urethanes are subsidiaries of Carpenter Co. Carpenter Co. has undertaken the duty to ensure each of its subsidiaries' locations has a safety program in place that aligns with Carpenter Co.'s Safety Management System. Carpenter Co. has undertaken the duty to specifically protect the well-being of each person that walks through the door of a subsidiary of Carpenter Co.—whether that person is performing work for Carpenter or just visiting. The reason Carpenter Co. has undertaken this duty is that Carpenter Co. claims that safety is one of its core values and that it wants to ensure that anyone performing work for one of

its subsidiaries safely returns home to their family each and every day.

11. Carpenter Co. acknowledges all of this on its website and a corporate designee of ER Carpenter has previously confirmed the same under oath.

12. Carpenter Co. and its subsidiaries' primary business is making various kinds of foam and other cushioning products. From beds, to furniture, to carpet pads, and even tires—Carpenter makes the foams, polystyrene, fibers, and urethanes that comprises common household and industrial products.

13. E.R. Carpenter and Carpenter Urethanes, both Carpenter Co.'s subsidiaries, operate out of a location in Temple, Texas in Bell County, Texas ("Carpenter's Temple Location"). To carry out their operations, E.R. Carpenter and Carpenter Urethanes use industrial machinery like hot laminators. Industry standards consistent with and reflected in OSHA regulations, require E.R. Carpenter and Carpenter Urethanes to ensure those machines have adequate safeguards and de-energization methods to protect workers.

14. In the fall of 2021, Manpower directed Hamer to perform certain work at Carpenter's Temple Location.

15. The Carpenter Defendants then failed to discharge duties to Hamer by ensuring the machines he worked on for Manpower were safe. The Carpenter Defendants' failure to do so is shocking given that Carpenter Co. has previously been cited and fined by the Occupational Health and Safety Administration for failing to install adequate machine guards or locking devices on a machine to protect workers from unsafe contact with a machine's operating parts. Indeed, less than a year before the events giving rise to this lawsuit, an OSHA citation to Carpenter Co. became a final order. In other words, Carpenter Co. knew that it needed to install and/or ensure its subsidiaries installed adequate machine guards or locking devices on machines to protect workers

from unsafe contact with a machine's operating parts.

16. At a minimum, a hot laminator machine at Carpenter's Temple Location lacked adequate machine guards or locking devices on the machine to protect workers from unsafe contact with the machine's operating parts. On January 7, 2022, Hamer was working with that hot laminator that none of the Carpenter Defendants had made safe despite OSHA fining Carpenter Co. less than a year earlier.

17. When foam running through the machine became jammed, Hamer attempted to fix the jam using the same methods he had observed other workers perform while working for Manpower at Carpenter's Temple Location. Indeed, a manager of the Carpenter Defendants was observing Hamer and did not suggest or insist on a different method.

18. Lacking adequate protections, Hamer's right arm was pulled into the machine—breaking his bones and partially amputating his right arm by ripping off skin, muscle, tendons, and nerves from his arm (the "Incident").

19. Hamer has undergone continued medical treatment—including multiple surgeries and rehabilitation therapy. He has permanent, life-altering injuries that have significantly impaired and disfigured him. His medical treatment and therapy are ongoing.

20. When OSHA investigated the Incident, it cited Carpenter Co. because OSHA found that Carpenter Co. had "ignored known safety hazards" based on the recent citation for similar injuries under similar circumstances.[1] Consequently, OSHA issued citations for "one willful, one repeat and three serious violations."

21. Contrary to the public and sworn representations of Carpenter Co., OSHA found that the Carpenter Defendants "did not conduct periodic inspections of their machine safety

---

[1] https://www.osha.gov/news/newsreleases/region6/07062022

procedures, apply a personal lock to a group lockout procedure to verify energy sources were isolated, and exposed workers to falls into dangerous equipment."

## CAUSES OF ACTION

### COUNT ONE: NEGLIGENCE

22. Each of the foregoing paragraphs is incorporated herein for all purposes.

23. As a company utilizing workers' services involving industrial machinery, the Carpenter Defendants' owed duties to such workers to ensure that minimum safeguards existed to protect those workers from known hazards consistent with industry standards reflected in, among other sources, OSHA regulations. Those duties extended to Hamer. As stated herein, the Carpenter Defendants' acts and omissions, singularly or in combination with others, constituted negligence in that the Carpenter Defendants breached their duties to Hamer. Hamer's injuries and damages were proximately caused by the negligent acts or omissions of the Carpenter Defendants, which are generally described herein and include, but are not limited to, the following:

   a. Failing to properly inspect heavy machinery to ensure adequate safeguards were in place and proper de-energization devices and procedures allowed for safe work on and troubleshooting of such machinery; and

   b. Failing to promulgate, implement, maintain, and enforce the appropriate policies and procedures to ensure the safety of workers like Hamer.

24. Each of these acts and omissions by the Carpenter Defendants, singularly or in combination with others, constituted negligence which proximately caused the Incident, and Hamer's extensive injuries and damages alleged herein.

### COUNT TWO: GROSS NEGLIGENCE

25. Each of the foregoing paragraphs is incorporated herein for all purposes.

26. When viewed objectively, Defendants' conduct, acts, and/or omissions as generally described above involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Furthermore, Defendants had actual, subjective awareness of the risk but proceeded with a conscious indifference to the rights, safety, or welfare of others.

27. As such, Defendants' conduct rises to the level of gross negligence such that exemplary damages are warranted and appropriate.

## ACTUAL DAMAGES

28. Each of the foregoing paragraphs is incorporated herein for all purposes.

29. The negligent and/or intentional acts and/or omissions of Defendants set forth above were a proximate cause of Hamer's injuries and damages, as follows:

   a. General damages;

   b. Actual damages;

   c. Past and future physical impairment;

   d. Past and future pain and suffering;

   e. Past and future disfigurement;

   f. Past and future mental anguish;

   g. Past and future medical expenses and rehabilitative;

   h. Past loss of income;

   i. Future loss of earning capacity;

   j. Pre- and post-judgment interest;

   k. Costs of court; and

   l. All other relief, in law and in equity, to which Plaintiff may be justly entitled.

## EXEMPLARY DAMAGES

30. Each of the foregoing paragraphs is incorporated herein for all purposes.

31. Hamer's injuries and damages resulted from Defendants' gross negligence and gross negligence *per se* which entitles Plaintiff to exemplary damages under Texas. Civil Practice & Remedies Code § 41.003(a)(3).

## PRAYER

Plaintiff respectfully requests that summons issue commanding Defendants to answer and appear and that, upon final trial, Plaintiff recover damages, as specified above, from Defendants. Plaintiff further prays that the Court will award all costs of court, pre-judgment and post-judgment interest at the legal rate, and grant such other and further relief, general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**LYONS & SIMMONS, LLP**

**Michael P. Lyons**
State Bar No. 24013074
mlyons@lyons-simmons.com
**Christopher J. Simmons**
State Bar No. 24058796
csimmons@lyons-simmons.com
**Stephen Higdon**
State Bar No. 24087719
shigdon@lyons-simmons.com
2101 Cedar Springs Rd., Suite 1900
Dallas, TX 75201
214-665-6900
Fax 214-665-6950

**ATTORNEYS FOR PLAINTIFF**