**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **ADAM HAMER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 6:23-cv-00043-ADA-DTG** |
| | § | |
| **E. R. CARPENTER, L.P.,** | § | |
| **CARPENTER CO., and** | § | |
| **CARPENTER URETHANES I, LLC** | § | |
| | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT**

Plaintiff Adam Hamer ("Hamer" or "Plaintiff") and E. R. Carpenter, L.P. ("E. R. Carpenter"), Carpenter Co. ("Carpenter") and Carpenter Urethanes I, LLC ("Carpenter Urethanes," collectively with E.R. Carpenter and Carpenter, "Defendants"), pursuant to the Federal Rules of Civil Procedure 25(f) hereby file this Joint Report as follows and confirm counsel for the parties conferred on March 7, 2023 to discuss the planning and anticipated discovery needs of this case.

1. **What are the causes of action, defense, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counter claims pled?**

**Summary of Plaintiffs' Claims:**

This is a personal injury case resulting from an industrial machine incident that partially amputated Adam Hamer's right arm and left him permanently disfigured. Mr. Hamer was employed by a third-party company and was working at Defendants' location in Temple, Texas. Plaintiff alleges negligence and gross negligence against Defendants. Plaintiff contends that Defendants owed him a duty to take steps to ensure the industrial machine he was working on had adequate safeguards and de-energization equipment and procedures and that Defendants failure to do so breached their duty, proximately causing his injury. Given that OSHA cited Carpenter Co. for a repeat and serious violations, Plaintiff alleges that Defendants were subjectively aware of the objective risk of serious bodily injury or

death created by not having adequate safeguards and de-energization equipment and procedures for their industrial machines, constituting gross negligence.

**Summary of Defendants' Defenses:**

Subject to Defendants Carpenter Co. and Carpenter Urethanes I, LLC's Motion to Dismiss for Lack of Personal Jurisdiction, Plaintiff was not the employee of a third-party staffing company solely, but he was the co-employee and/or borrowed servant of Defendants. As such, Defendants are subscribers under the Workers' Compensation Act and are immune to recovery by Plaintiff under Texas Labor Code §408.001(a). Further, Plaintiff's claims for gross negligence are barred because the alleged injury did not result in death under Texas Labor Code §408.001(b). Also, Plaintiff contributed to the incident and his injuries by disregarding the risk of a hazard. Defendants deny Plaintiff's claims of negligence and/or gross negligence.

**2. Are there any outstanding jurisdictional issues?**

Carpenter Co. and Carpenter Urethanes filed a motion to dismiss for lack of personal jurisdiction. (ECF No. 10.) Plaintiff responded in opposition. (ECF No. 12.) As such, subject to any potential Motions for Leave to file additional pleadings, briefing is closed and the motion is ripe for resolution. *Accord* Local Rule CV-7(D)(2).

There are no other jurisdictional issues as this case was originally filed on the basis of each Defendant being diverse from Plaintiff and the amount in controversy exceeding $75,000.

**3. Are there any unserved parties?**

There are no unserved parties.

**4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties can stipulate to the following at this time:

- Adam Hamer was injured while working on a hot laminator in the building located at 2611 S. General Bruce Drive, Temple, Texas 76504.

**5. Are there any legal issues in this case that can be narrowed by agreement or motion?**

Aside from the jurisdictional issue pending before the Court and the stipulation concerning Texas law, the Parties will attempt to agree on issues regarding billing affidavits pursuant to Texas Civil Practice & Remedies Code § 18.001.

**6. Are there any issues about preservation of discoverable information?**

Given that OSHA investigated the events giving rise to this lawsuit shortly after the Incident and Plaintiff sent a preservation letter on December 2, 2022, the parties are unaware of any issues concerning preservation at this time.

**7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically stored information be produced and will production include metadata?**

The parties agree that documents may be produced as .pdf without metadata. A party may make a specific request for a native form of a produced document that includes metadata on a document-by-document basis. Any video or audio recordings will be produced in native form with metadata.

**8. What are the subjects on which discovery may be needed?**

The Parties intend to conduct discovery by both written discovery and deposition on the subject Incident; Plaintiff's actions at the time of the Incident; Plaintiff's instructions at the time of the Incident; Defendants' involvement in the Incident; Defendants' directions and instructions at the time of the Incident; Defendants' policies, procedures, and training relating to plant/workplace safety and the subject hot laminator; communications amongst Defendants concerning policies, procedures, and training relating to plant/workplace safety (including lock out tag out procedures); Defendants' control over the machine and/or individuals involved in the Incident; documents and communications exchanged with OSHA concerning the Incident; Defendants' knowledge of potential plant/workplace safety issues; Defendants' agreement and relationship with ManPowerGroup US, Inc.; Defendants' workers' compensation coverage at the time of the Incident; Plaintiff's medical treatment and expenses; and Plaintiff's other claimed damages.

**9. Have initial disclosures been made? If not, should any changes be made in the time, form, or requirement for initial disclosures.**

Initial disclosures have not yet been made. The parties have agreed to extend the deadline to make initial disclosures to March 28, 2023 in view of the Spring Break holiday for counsels' children's schools.

**10. What, if any discovery, has been completed? What discovery remains to be done and when should it be completed. Have the parties considered conducting discovery in phases?**

No formal discovery has occurred. The parties do not believe that discovery in phases or limitations on discovery are appropriate at this time. The parties propose discovery deadlines in their proposed scheduling order.

**11. What, if any, discovery disputes exist?**

No discovery disputes exist at this time.

**12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

At this time, Defendants cannot provide an affirmative response as to the desire of a proposed Order, nor has it been discussed with Plaintiff's counsel. After additional discovery, Defendants will advise whether they will request an Order pursuant to Federal Rule of Evidence 502.

**13. Have the parties discussed early mediation?**

The Parties propose mediating this matter following the close of fact discovery, but may determine that mediation would be fruitful before that time.

**14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the Court's attention?**

The parties believe the Court's standard protective order will facilitate the production in discovery of some of Defendants' documents considered to be proprietary and/or confidential. There are no other discovery items requiring the Court's attention at this time.

Respectfully submitted,

*/s/ Stephen Higdon*
**Michael P. Lyons**
State Bar No. 24013074
mlyons@lyons-simmons.com
**Christopher J. Simmons**
State Bar No. 24058796
csimmons@lyons-simmons.com
**Stephen Higdon**
State Bar No. 24087719
shigdon@lyons-simmons.com
**LYONS & SIMMONS, LLP**
2101 Cedar Springs Rd., Suite 1900
Dallas, TX 75201
214-665-6900
Fax 214-665-6950
**ATTORNEYS FOR PLAINTIFF**

*/s/ Stephen P. Bega*
Jeff D. Otto
State Bar No. 15345500
Stephen P. Bega
State Bar No. 24012269
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
2801 Via Fortuna
Suite 300
Austin, Texas 78746
Telephone: (512) 708-8200
Telecopy: (512) 708-8777
E-Mail: jotto@thompsoncoe.com
E-Mail: sbega@thompsoncoe.com
**ATTORNEYS FOR DEFENDANTS**